Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★  ★ ★ ★

# OPINION

No. 04-09-00338-CR

Anthony **LYNCH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From County Court at Law No. 12, Bexar County, Texas
Trial Court No. 869408
Honorable Michael E. Mery, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed: April 7, 2010

AFFIRMED

Following the denial of his motion to suppress and his motion for dismissal based on a denial

of a speedy trial, appellant, Anthony Lynch, pled not guilty to the offense of driving while

intoxicated. A jury found appellant guilty, and the trial court assessed punishment at six months'

confinement, probated. We affirm.

## PLEA NEGOTIATIONS

In his first issue, appellant contends the trial court improperly participated in plea negotiations with the State and appellant, refused to enforce the agreement resulting from the negotiations, and refused to allow details of the agreement into evidence during the speedy trial hearing.

A trial judge should avoid participation in plea negotiations until an agreement has been reached, in order to "avoid the appearance of any judicial coercion or prejudgment of the defendant since such influence might affect the voluntariness of the defendant's plea." *Perkins v. Court of Appeals*, 738 S.W.2d 276, 282 (Tex. Crim. App. 1987); *see also Ex parte Shuflin*, 528 S.W.2d 610, 617 (Tex. Crim. App. 1975). Here, as explained below, the record does not support appellant's contentions.

On April 17, 2008, a hearing was held on appellant's motion to dismiss his case for failure to provide him a speedy trial. In the course of questioning appellant on how the delay in getting to trial had affected him, defense counsel asked whether the delay had cause appellant any "emotional problems." The State interrupted, asked "for an objection," and asked to be heard in chambers with defense counsel. After a discussion was held in chambers between the judge, defense counsel, and the State and everyone came back into the courtroom, the trial court stated on the record as follows:

> The Court has recessed this hearing and will continue to do so. There have been some substantial off-the-record discussions in chambers without the defendant present, although he is in court, but with defense counsel and the State's lawyers and the Court.
> We're going to recess this matter for sixty days.

No record of the in-chambers conference was made. The next speedy trial hearing occurred almost one year later, on May 18, 2009. Defense counsel asked that the record reflect an in-

chambers conference had been held "and there was a relevant, I guess, an agreement of some kind. I wouldn't call it a plea bargain agreement. It was an agreement that was entered into between the State and the defendant." At this hearing, appellant testified he believed that as long as he provided documentation showing he was receiving regular treatment by a psychologist, his case would be dismissed. In the midst of discussing both defense counsel's request to obtain the State's file on which the agreement was allegedly noted and the State's work-product objection to the request, the trial court stated that the State's characterization of the agreement, defense counsel's characterization of the agreement, "just as my own characterization of any notes I have, they're not the same as an actual agreement." The court also stated as follows:

> So the Court of Appeals is going to have to figure out that, in fact, there were some discussions held in my office because of the conditions that were being exhibited in open court [on April 17, 2008] which brought about the need for further sensitivities. This was not treated like a regular case and everybody knows that.

No written plea bargain was admitted into evidence and the specific terms of any such agreement are not part of either the clerk's record or the reporter's record on appeal. Therefore, we must conclude the record does not support appellant's contention that a plea bargain was actually reached during the April 17, 2008 discussion between the defense and the State. Accordingly, appellant's first issue is without merit.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, appellant asserts defense counsel did not render effective assistance of counsel because he failed to ensure the record reflected what transpired in the judge's chambers on April 17, 2008, he failed to follow through with the plea bargain, his failure to attend to appellant's

case undermined the speedy trial claim, and he failed to apprise appellant of developments in his case.

To prevail on this complaint, appellant had the burden to prove by a preponderance of the evidence that: (1) counsel's performance was deficient, *i.e.,* his assistance fell below an objective standard of reasonableness; and (2) appellant was prejudiced, *i.e.,* a reasonable probability exists that but for counsel's unprofessional errors, the result of the proceeding would have been different. See *Strickland v. Washington*, 466 U.S. 668 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). An appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Thompson*, 9 S.W.3d at 813. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* To defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.*

A motion for new trial was not filed; however, our review of the record from both speedy trial hearings indicates defense counsel and the State reached some sort of agreement during the first hearing when counsel met in the judge's chambers. Exactly what the agreement was is unclear because counsel did not reduce it to writing or place the substance of the agreement on the record. The record also indicates that, despite counsel's own belief that appellant's case would be dismissed upon compliance with an agreement, defense counsel did not pursue a written dismissal or any other disposition of appellant's case. Finally, the record indicates appellant started seeing a mental health professional in an attempt to comply, at least in part, with his understanding of the terms of the agreement.

However, the acts or omissions that form the basis of appellant's claim of ineffective assistance must be supported by the record. *Id.* at 814. A silent record that provides no explanation for counsel's actions usually will not overcome the strong presumption of reasonable assistance. *Id.* at 813-14. Therefore, we must conclude appellant has not demonstrated on this record that he received ineffective assistance of counsel.


Sandee Bryan Marion, Justice

PUBLISH