

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00060-CR

John **DONOHUE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR3514
Honorable Raymond Angelini, Judge Presiding

Opinion by:  Luz Elena D. Chapa, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  January 7, 2015

AFFIRMED

John Donohue appeals his conviction and punishment for arson. He contends he received

ineffective assistance of counsel, the evidence of his intent was legally insufficient to support his

conviction, and the trial court's admission of "extraneous bad act" evidence during the punishment

phase violated his due process rights. We affirm the trial court's judgment.

### BACKGROUND

On January 22, 2013, Sylvia Rangel and Gordon Lee, Donohue's neighbors, came to his

assistance after seeing him roll across the street in an office chair and almost get hit by a car. After

Rangel and Lee rolled Donohue back to his house, Rangel went into Donohue's home and saw a fire smoldering behind a loveseat. Rangel called 9-1-1 and waited for emergency assistance.

Donohue told Lee to check the house because Donohue "had just set it on fire" and explained that he did so "to get attention." Lee entered the house, saw a fire, and noticed several parts of the home had been burned.

Ryan Smith, a paramedic employed by the San Antonio Fire Department, arrived at Donohue's house and convinced Donohue to consent to treatment. Donohue told Smith that he intentionally set his house on fire. Donohue explained the reason for doing so was to get a response from the fire and police departments.

A grand jury indicted Donohue for arson. Donohue pled not guilty, and the case proceeded to trial. Rangel, Lee, and Smith, as well as several other witnesses, testified for the State. The jury found Donohue guilty, and the punishment phase commenced.

Three police officers testified for the State about their prior interactions with Donohue. Two of them testified about a prior occasion when Donohue went to a residence in violation of a court order and tried to set fire to the home. They testified that when they arrived, Donohue invited them inside and readily admitted to them what he had done. The third officer described another incident when Donohue called the police, and when they responded, Donohue tried to run them over with his car.

The jury assessed punishment at five years in the Institutional Division of the Texas Department of Criminal Justice.

Donohue filed a motion for new trial asserting he received ineffective assistance of counsel. Although the word "set" was written atop Donohue's motion for new trial in the clerk's record, no record of a hearing on that motion was filed with this court, and the record contains no order on the motion. Donohue also filed a timely notice of appeal.

## LEGAL SUFFICIENCY

In reviewing the legal sufficiency of the evidence, we ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We review the evidence "in the light most favorable to the verdict." *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). "Our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally," and we must "defer to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) (internal quotation marks and citations omitted).

Donohue challenges the legal sufficiency of the evidence solely with regard to the intent element of the offense. A person commits an arson offense if he starts a fire with the intent to destroy or damage a habitation. *See* TEX. PENAL CODE ANN. § 28.02(a)(2) (West 2011). Both Lee and Smith testified Donohue admitted he intended to set his house on fire to get attention. Although Donohue argues the evidence showed he was distraught when he confessed to Lee and Smith, this presents a conflict in testimony that the jury weighed and resolved in the State's favor. We must defer to the jury's responsibility to resolve and weigh conflicting evidence. *See Isassi*, 330 S.W.3d at 638. Therefore, we hold the evidence was legally sufficient to support the finding of intent.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Donohue claims he received ineffective assistance of counsel in violation of the Sixth Amendment. To prevail on his claim, Donohue must show by a preponderance of the evidence (1) his trial counsel's performance was deficient and (2) his counsel's deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Any allegation of ineffectiveness must be firmly

founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). A silent record that provides no explanation for trial counsel's actions usually will not overcome the strong presumption of reasonable assistance. *Lynch v. State*, 318 S.W.3d 902, 905 (Tex. App.—San Antonio 2010, pet. ref'd). Donohue must also show "a reasonable probability exists that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 904.

Donohue argues he received ineffective assistance because of his trial counsel's failures to (1) investigate; (2) maintain contact with Donohue; (3) effectively cross-examine witnesses; (4) present evidence in Donohue's defense; and (5) effectively address facts such as the absence of an accelerant, how the fire was started, and Donohue's distressed condition at the time of the offense.

*Investigation.* Donohue does not explain what his trial counsel should have investigated and what evidence would have been discovered had trial counsel conducted that investigation. The record does not affirmatively demonstrate his trial counsel's investigation was deficient.

*Lack of Contact with Donohue.* Donohue's brief states he made multiple attempts to contact his trial counsel by mail and telephone and "feels he was not given appropriate updates on his case nor was he able to effectively communicate his defense to his attorney." The record is devoid of any evidence to support this assertion, and as such, this allegation of ineffectiveness is not firmly founded in the record.

*Cross-Examination.* Donohue claims his trial counsel "failed to effectively cross-examine the investigator . . . who based his entire investigation on statements made by [Donohue]." The record is silent as to trial counsel's reasons for cross-examining the investigator as he did. Donohue also fails to identify any specific deficiency in his trial counsel's method of cross-examination.

*Failure to Present Evidence in Defense*. Although Donohue claims his trial counsel was ineffective for failing to present evidence, the record does not affirmatively demonstrate what other admissible evidence his trial counsel could have or should have offered.

*Failure to Address Certain Facts of the Case*. Donohue claims his trial counsel failed to address the lack of an accelerant, how the fire was started, and Donohue's distressed condition. The record is silent as to why Donohue's trial counsel addressed or argued, or failed to address or argue, certain facts and evidence.

*Conclusion.* On this record, Donohue has failed to show deficient performance. *See Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999) (explaining that while a number of errors may become harmful in their cumulative effect, non-errors cannot become error cumulatively).

## EVIDENCE OF EXTRANEOUS BAD ACTS

In his third issue, Donohue argues the trial court admitted evidence of extraneous bad acts during the punishment phase in violation of his due process rights. Donohue fails to provide citations to the record and does not specify what evidence was improperly admitted. *See* TEX. R. APP. P. 38.1(i) (requiring issues to be adequately briefed on appeal with citations to the record or the issue is waived). The record of the punishment phase is devoid of any objections to "extraneous bad act" evidence. *See Von Byrd v. State*, 569 S.W.2d 883, 897-98 (Tex. Crim. App. 1978) (holding the failure to object to testimony regarding extraneous offenses "waives any error to the admission of evidence"). Finally, the jury was instructed it could consider evidence of other acts or misconduct only if it found beyond a reasonable doubt that Donohue committed the offense or act of misconduct, and we must presume on appeal the jury followed the trial court's instruction. *Fulmer v. State*, 401 S.W.3d 305, 317 (Tex. App.—San Antonio 2013, pet. ref'd). Thus, even if

the issue had not been waived, we presume the jury followed the trial court's instruction and did not consider evidence of extraneous bad acts that were not proved beyond a reasonable doubt.

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

Do Not Publish