Nick Charles **CARR**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–85–00442–CR.

Court of Appeals of Texas,
San Antonio.

July 31, 1986.

Richard C. Mosty, Kerrville, for appellant.

E. Bruce Curry, Dist. Atty., Kerrville, for appellee.

Before BUTTS, CANTU and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

Appellant appeals from a conviction for aggravated robbery with a deadly weapon. The jury found appellant guilty as charged and assessed his punishment at life imprisonment.

The sufficiency of the evidence is not challenged. The essential facts established that the victim and a companion, a truck driver, stopped at a rest stop on IH 10 near Kerrville. Appellant was identified as the person who shot and robbed the victim at the rest stop. He was subsequently arrested and found in possession of the weapon used in the shooting and robbery.

■ Appellant initially complains that the jury, during deliberation, received other evidence which had not been properly admitted. At appellant's request a hearing was held outside the presence of the jury for the purpose of testing the admissibility of the pen packet during the punishment phase of the trial. Defendant's Exhibit No. 2, consisting of the pen packet, was marked and offered into the evidence by appellant for the purpose of showing that the pen packet, by its own terms, stated that fingerprints are necessary for positive identification. He claims he was harmed because the exhibit considered by the jury during the deliberation on punishment contained references to extraneous sexual offenses. The record clearly reflects that appellant did not request a limiting instruction as regards Defendant's Exhibit No. 2. Upon proper request the trial court must give a limited instruction to the jury, restricting the use of the evidence offered, and avoid consideration of extraneous offenses contained therein. McCLUNG, LAWYERS HANDBOOK FOR TEXAS CRIMINAL PRACTICE 350 (rev.ed. 1980). In *Johnson v. State*, 629 S.W.2d 731, 736 (Tex.Crim.App.1981) the court held:

> In the absence of objection or requested instruction, failure of trial court to give jury limiting instructions on extraneous offenses at punishment phase of prosecution for capital murder was not fundamental error.

*Id.* at 736. *Also see Lacy v. State*, 424 S.W.2d 929, 934 (Tex.Crim.App.1968) (dissenting opinion on appellant's motion for rehearing). Moreover, appellant was the party that introduced Exhibit No. 2 into evidence and cannot complain of the failure of the court to give the jury a limiting instruction. *See Kirkpatrick v. State*, 515 S.W.2d 289, 294–95 (Tex.Crim.App.1974).

The jury is permitted to consider, during its deliberations, upon request, any exhibit admitted as evidence in the case. TEX. CODE CRIM.PROC.ANN. art. 36.25. Ap-

pellant made no objection when exhibits were taken into the jury room nor did he move to withdraw the evidence. Accordingly, ground of error number one is overruled.

Appellant's second ground of error contends that State's Exhibit No. 9, the Louisiana pen packet, was erroneously admitted in evidence without properly identifying him as the person convicted. State witness, Deputy Mike West, identified appellant through photographs attached to the exhibit. But, appellant argues that the photographs must be supported by a detailed physical description of the person named in the pen packet, for a comparison with the defendant present in court. *Citing Gollin v. State*, 554 S.W.2d 683, 686 (Tex.Crim.App.1977) where the court held:

> It has been held that the evidence is sufficient to prove that the accused is the same person named in a record in question where that record contains photographs and a detailed physical description of a named person and the accused is present in court for the fact finder to compare his appearance with that person described in the record.

■ In this case appellant was present in court and was identified before the jury from photographs contained in the Louisiana pen packet. The pen packet was introduced in evidence by appellant, as Defendant's Exhibit No. 2, and contained his complete and detailed physical description. Therefore the court and jury, based on this evidence, could well conclude that appellant was the same person previously convicted. Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.