Charles Ellisworth **YEAGER** a/k/a Charles Ellsworth Yeager, Jr., Appellant,

v.

The **STATE** of Texas, State.

No. 2-85-097-CR.

Court of Appeals of Texas, Fort Worth.

Oct. 7, 1987.

Neal, Richie & Hill, and Boyd L. Richie, Graham, for appellant.

John A. Neal, Dist. Atty., Graham, for State.

Before FENDER, C.J., and FARRIS and LATTIMORE, JJ.

## OPINION ON REMAND

LATTIMORE, Justice.

Our previous judgment dated May 14, 1986 reversing the conviction of appellant, Charles Ellisworth Yeager, was vacated, and the cause was remanded to this court by the Court of Criminal Appeals on April 1, 1987, 727 S.W.2d 280, for reconsideration of appellant's fourth point of error. The basis of the remand was the Court of Criminal Appeals' opinion on the State's motion for rehearing in *Littles v. State*, 726 S.W.2d 26 (Tex.Crim.App.1984) delivered on March 11, 1987.[1] The disposition of the remaining points of error was unchanged. *See Yeager v. State*, 708 S.W.2d 948 (Tex. App.—Fort Worth 1986, vacated).

Appellant was convicted by a jury of the offense of "Felon in Possession of Firearm", TEX.PENAL CODE ANN. sec. 46.05 (Vernon Supp.1987), sentenced to three years confinement in the Texas Department of Corrections and fined $2,500.

Appellant's fourth point of error contends the trial court erred in admitting State's Exhibit No. 4, the pen packet, because the State failed to properly identify appellant as the person convicted. After putting on evidence which tended to show that appellant had a pistol in his possession away from his home, the State offered the Texas Department of Corrections' pen

packet into evidence. Appellant objected on the grounds that the proper predicate had not been laid for its admission, because "[i]t's not shown that the person contained in these papers is one and the same as the defendant." The court overruled appellant's objection, and admitted the pen packet.

The documents evidencing a prior conviction alleged for enhancement or as an element of the offense under TEX.CODE CRIM.PROC.ANN. art. 37.07 (Vernon 1981) may be admitted into evidence in any manner which complies with former TEX. REV.CIV.STAT.ANN. art. 3731a in effect at the time of appellant's trial (now the TEX.R.CRIM.EVID. 901(b)(7) & 902(2), (4) & 1005).

Appellant objected at trial to the admission because the proper predicate had not been laid. Penitentiary papers are self-proving and admissible under article 3731a. *See Thomas v. State*, 646 S.W.2d 565, 568 (Tex.App.—Houston [1st Dist.] 1982, no pet.). In the instant case, attached to the pen packet is an attestation by the record custodian, a certification by the presiding judge, and a certification by the county clerk as to signature of the judge. This certification fulfilled the requirements of article 3731a. *See Beasley v. State*, 634 S.W.2d 320 (Tex.Crim.App.1982); *Garza v. State*, 705 S.W.2d 818 (Tex.App.—San Antonio 1986, no pet.). A sponsoring witness is not needed where the proper attestation and certificate are attached to the judgment and sentence relating to appellant's prior conviction. *Smith v. State*, 658 S.W.2d 685, 689 (Tex.App.—Dallas 1983, no pet.).

Appellant's objection, when the State offered the pen packet as to "no proper basis" was not a valid objection as to the admission into evidence of the packet at that point in the trial. *See Beck v. State*, 719 S.W.2d 205, 210 (Tex.Crim.App.1986).

---

1. *Littles v. State* overruled *Daniel v. State*, 585 S.W.2d 688 (Tex.Crim.App.1979); *Gollin v. State*, 554 S.W.2d 683 (Tex.Crim.App.1977); and *Cain v. State*, 468 S.W.2d 856 (Tex.Crim.App. 1971) to the extent that they held there are exclusive manners of proving a defendant's liability as to prior felonies. *See Littles*, 726 S.W.2d at 32.

Its admission under TEX.REV.CIV.STAT. ANN. art. 3731a did not depend upon prior offered independent evidence as a necessary predicate. *Id.* No later motion to strike or withdraw any evidence was made. Point of error four, based expressly on appellant's contention that admission of the pen packet was improper is without merit and is overruled.

Appellant has failed to preserve error, if any, on the sufficiency of the State's evidence. However, in light of the *Littles* opinion, we should answer appellant's arguments regarding the sufficiency of the State's proof of identity.

██ The State must prove the defendant on trial is one and the same as the person previously convicted. *Cleveland v. State,* 493 S.W.2d 145 (Tex.Crim.App.1973). When an authenticated copy of a pen packet is offered into evidence in an effort to prove a prior conviction, it is not essential that the supporting evidence as to identification precede its admission. *See Beck v. State,* 719 S.W.2d 205, 210 (Tex.Crim.App. 1986).

██ If appellant alleges in a point of error that the State failed its burden, and properly preserves this error below, then we must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. State,* 672 S.W.2d 801, 803 (Tex. Crim.App.1984).

██ The pen packet records show that, after being convicted of robbery in cause number 3406 in the 84th District Court of Hutchinson County, Charles Ellsworth Yeager, Jr. arrived at the Texas Department of Corrections on April 25, 1974. According to these documents Yeager, Jr. was then thirty-one years old, having been born in Ohio, West Virginia on October 7, 1942; he had a ruddy complexion, brown hair and blue eyes; he was five feet, eight inches tall; and he weighed 153 pounds.

The packet further describes a number of scars and tattoos. The packet also contained three sets of fingerprints and two photographs of Yeager Jr. on August 24, 1976.

The issue before us is whether independent testimony is necessary to prove identity or whether the jury may make a comparison between the defendant present in court and photographs and a physical description found in the pen packet.

In *Littles* the court held the State had properly proved the defendant's identity as to the first conviction, Exhibit 7, through the use of fingerprints. As to the second conviction, Exhibit 8, the court reasoned that the jury had the capability to compare the photographs contained in the two exhibits and to conclude the photographs depicted the same individual. *Littles,* 726 S.W.2d at 32. Additionally, the *Littles* court pointed out the strength of a photograph comparison as compared to a written description.

> Applying these holdings to the instant case, we find that the application of a juror's subjective interpretation to a written description of an individual would lead to a far less dependable result than that required when the jury is asked to identify an individual by means of a photograph.

*Id.* at 31–32.

In *Gollin v. State,* 554 S.W.2d 683, 686 (Tex.Crim.App.1977), the court held that the evidence was sufficient to prove that the accused is the same person named in the record where that record contains photographs and a detailed physical description of a named person, and the accused is present in court for the fact finder to compare his appearance with that person described. Although *Gollin* has been cited to support the contention that a jury comparison is sufficient to prove identity, additional evidence was relied upon. A deputy sheriff testified that he had examined the photograph and physical description contained in the pen packet, and in his opinion the person in the exhibit was the defend-

ant. The *Gollin* court also based its decision on statements made by the defendant in his confession which corresponded with the information contained in the pen packet.

Similarly, in *Carr v. State*, 715 S.W.2d 419, 421 (Tex.App.—San Antonio 1986, no pet.) a deputy identified the defendant through photographs attached to the pen packet, which also contained defendant's complete and detailed physical description. The court concluded that the trial court and jury could well conclude that the defendant was the same person previously convicted based on this evidence, citing *Gollin*.

In *Felton v. State*, 659 S.W.2d 482, 486 (Tex.App.—Dallas 1983, pet. ref'd) the court assumed without deciding that it was error for the trial court to allow a fingerprint identification of the defendant from a jail card which had been admitted for "record purposes only." However, the court found the error, if any, harmless due to the fact that the pen packet admitted previously contained pictures and a detailed physical description of the defendant from which the jury could make a comparison with the accused present in court, citing *Gollin*.

In the case at bar, it is presumed that the trial court considered the evidence and compared the contents of the pen packet with the defendant present in court, and concluded that a rational trier of the facts could have found beyond a reasonable doubt the defendant on trial and the defendant described in the pen packet were the same person.

Once the trial court properly admitted the pen packet in evidence, extrinsic evidence was not necessary to compare a defendant present in court to a pen packet containing a detailed physical description and photographs. The jury as the trier of fact is capable of making the comparison. No opinion testimony is required.

This opinion comports with the Court of Criminal Appeals' recent mandate in *Littles* that "[e]ach case is to be judged on its own individual merits," and where "the proof, ... [is] clearly sufficient, no error wil be found." *Littles*, 726 S.W.2d at 32.

Viewing the evidence in the light most favorable to the jury's verdict, we find the jury could have found appellant was a convicted felon beyond a reasonable doubt.

An additional point of error remains unaddressed from our previous opinion. By his second point of error appellant alleges the trial court erred in refusing to grant the request for an instruction on the lesser included offense of unlawfully carrying a weapon. We agree and reverse the conviction for the following reasons.

 In determining whether a charge on a lesser included offense is required, a two-step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Second, there must be some evidence in the record that if the defendant is guilty, he is not guilty of the alleged offense but is guilty only of the lesser included offense. *Salinas v. State*, 644 S.W.2d 744, 745 (Tex.Crim.App.1983). The fact that the evidence is controverted or conflicts with other evidence in the case is not to be considered in determining whether an instruction on a lesser included offense should have to be given. *See Hobson v. State*, 644 S.W.2d 473, 477 (Tex. Crim.App.1983).

 When evidence from any source, including the defendant's own testimony, raises the issue of a lesser included offense and there is testimony that, if guilty at all, the defendant is only guilty of the lesser included offense, then the charge on the lesser included offense must be submitted to the jury, assuming the charge is properly requested or its omission properly objected to. *Hunter v. State*, 647 S.W.2d 657, 658 (Tex.Crim.App.1983). It is then the jury's duty, under the proper instruction, to determine whether the evidence is credible and supports the lesser included offense. *See Hobson*, 644 S.W.2d at 477.

 Appellant was convicted under TEX.PENAL CODE ANN. sec. 46.05 (Ver-

non Supp.1987), of unlawful possession of firearm by felon. The elements of the offense are:

(1) intentionally and knowingly

(2) possesses away from the premises where he lives

(3) a firearm, namely, a pistol

(4) after he had previously been convicted of a felony involving violence or threatened violence.

Appellant timely requested a charge of the lesser included offense of unlawful carrying weapons under section 46.02. The elements of the offense of unlawful carrying weapons are:

(1) intentionally, knowingly or recklessly

(2) carrying on or about the person

(3) a handgun, illegal knife or club

The offense of unlawfully carrying a weapon under section 46.02 is a lesser included offense of unlawful possession of a firearm by a felon. *See Hazel v. State,* 534 S.W.2d 698 (Tex.Crim.App.1976), and TEX.CODE CRIM.PROC.ANN. art. 37.09 (Vernon 1981).

In this case, appellant argues that the State of Texas' evidence concerning identity of defendant in his prior conviction raise the issue of the lesser included offense. We agree. The indictment charges CHARLES ELLISWORTH YEAGER with being a convicted felon by virtue of a March 20, 1974 decision in the 90th Judicial District Court of Hutchinson County, Texas.

The only proof of the prior conviction offered was the pen packet. The pen packet affirmatively recites that the conviction was in "HUTCHINSON" County and that the defendant was "CHARLES ELLSWORTH YEAGER, JR." All of the recitations in the pen packet are consistent with that county and that name. The pen packet shows the original judgment of conviction to be dated January 5, 1971 and a revocation of probation on March 20, 1974. From this affirmative evidence and the appearance of the defendant before them the jury might well have believed that the person charged in the indictment was not the same person shown by the pen packet to have been convicted. Whether or not the defendant was a prior convicted felon was the single element that would elevate the offense from the lesser of "unlawfully carrying a weapon" to the charged offense of "Unlawful Possession of Firearm by Felon." The court should have charged on the lesser included offense of "unlawfully carrying a weapon." The error is preserved by the requests and objections of the defendant.

The State relies on *Clark v. State,* 527 S.W.2d 292, 293 (Tex.Crim.App.1975). The *Clark* case refused to submit "lesser included" because there was no evidence that if the defendant was guilty he was guilty only of the lesser included offense. Here, if the defendant Yeager was not the same person the subject of the pen packet, then he could be guilty only of the lesser offense of unlawfully carrying a weapon. *See Bell v. State,* 693 S.W.2d 434 (Tex. Crim.App.1985). We conclude that it was error for the trial court to refuse the requested charge. The jury was left with no alternative but to convict for the greater offense or to acquit. Point of error two is sustained.

We recognize that this opinion overrules in part our prior opinion in this case in *Yeager v. State,* 708 S.W.2d 948 (Tex.App. —Fort Worth 1986, vacated). The judgment of the trial court is reversed and the case remanded to that court.