Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



ANGEL LEVARIO DIAZ,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-02-00389-CR

Appeal from the

358th District Court

of Ector County, Texas

(TC# D-29,347)




MEMORANDUM OPINION

           This is an appeal from a jury conviction for the offense of felony driving while
intoxicated. The court assessed punishment at ten years’ imprisonment in the Institutional
Division of the Texas Department of Criminal Justice. We affirm the judgment of the trial
court.
I. SUMMARY OF THE EVIDENCE
           At trial, Eddie Mancha of the Ector County Sheriff’s Office testified that on May 25,
2001 at about midnight, he was transporting two individuals in his patrol car when he saw
Appellant’s vehicle stopped in the roadway. Mancha approached Appellant and inquired if
he was alright. When Appellant got out of his vehicle he fell and Mancha placed him back
in the car and removed the keys. Mancha could smell the odor of alcohol about Appellant’s
person and Appellant had difficulty standing. Mancha formed the opinion that Appellant was
intoxicated. Mancha turned the investigation over to a Department of Public Safety trooper
named Fred Whisenant.
           Trooper Whisenant testified that when he had Appellant exit his vehicle, he stumbled. 
He performed a horizontal gaze nystagmus test on Appellant and he exhibited six clues of
intoxication. Appellant was unable to perform any other field sobriety tests that Whisenant
tried to administer. The officer testified that in his opinion, Appellant was intoxicated. 
Appellant was taken to jail. There it was determined that Appellant had been convicted of
two other DWI related offenses and he had been arrested for DWI on thirteen prior
occasions.
           Kelly Smith testified that she was a fingerprint examiner for the Ector County
Sheriff’s Office. She testified regarding State’s Exhibits Two through Four. State’s Exhibit
Two is a certified penitentiary packet. It contains a picture of Appellant and a copy of a
judgment dated February 25, 1985 indicating that Appellant pleaded guilty to felony DWI. 
 Also contained in the exhibit is a judgment revoking Appellant’s probation and a fingerprint
card which has a date of birth and a physical description of Appellant. Exhibit Three is a
penitentiary packet containing a copy of a judgment and conviction entered on January 11,
1994 indicating that Appellant was convicted of felony DWI and received a five-year
probated sentence and a $1,500 fine. Thumb prints are contained in this exhibit. Exhibit
Four is a fingerprint card of Appellant’s fingerprints taken by Kelly Smith on August 8,
2002.
           Kelly Smith testified that she compared the prints contained in State’s Exhibits Two
and Three with the prints she obtained in State’s Exhibit Four. She was able to match
Appellant’s fingerprints in State’s Exhibit Three with the prints she obtained in Exhibit Four. 
However, she was unable to compare the prints in State’s Exhibit Two with Appellant’s
fingerprints in Exhibit Four. She stated that the penitentiary packets were obtained from the
penitentiary and they came in the same envelope. The court admitted Exhibit Two over
Appellant’s objection. Appellant stated that he had no objection to Exhibits Three and Four. 
                                                        II. DISCUSSION
           In Appellant’s sole issue, he asserts that the court erred in admitting State’s Exhibit 
Two. Specifically, Appellant contends that the exhibit was inadmissible because there was
no independent evidence that the Appellant was the same individual convicted of the offense
referenced in Exhibit Two.
           Regarding the offense of driving while intoxicated, one commits an offense if he is
intoxicated while operating a motor vehicle in a public place. Tex. Penal Code Ann. §
49.04(a) (Vernon 2003). Though the offense is generally a class B misdemeanor, id. §
49.04(b), it becomes a felony of the third degree “if it is shown . . . that the person has
previously been convicted . . . two times of any other offense relating to the operating of a
motor vehicle while intoxicated. . . .” Id. § 49.09(b)(2) (Vernon Supp. 2004-05). In other
words, the statute permits the enhancement of the charge to a felony if the accused was twice
finally convicted of DWI before. The two prior convictions must be demonstrated in order
for the district court to have felony jurisdiction over the case. Tamez v. State, 11 S.W.3d 198,
201 (Tex. Crim. App. 2000).
           In order to prove jurisdiction, the State could prove the prior convictions by offering
certified copies of the judgments and sentences, along with independent evidence showing
Appellant was the same person named in the previous convictions. See Beck v. State, 719
S.W.2d 205, 210 (Tex. Crim. App. 1986). Such independent evidence could include expert
testimony matching Appellant’s fingerprints to the fingerprints on the judgments, testimony
of a witness who knew Appellant and knew of the prior convictions, or a judicial stipulation. 
Id.; Zimmer v. State, 989 S.W.2d 48, 50 (Tex. App.--San Antonio 1998, pet. ref’d). It could
also include photographs of the convicted individual for comparison with Appellant or
identification information such as name, gender, height, eye color, hair color, and date of
birth. Williams v. State, 946 S.W.2d 886, 895 (Tex. App.--Waco 1997, no pet.). The State
did not attempt to show that the photograph in Exhibit Two was of Appellant. But the jury,
as the trier of fact, was capable of comparing Appellant’s appearance in court and his
photograph in Exhibit Two. Id.; Tyson v. State, 873 S.W.2d 53, 59 (Tex. App.--Tyler 1993,
pet. ref’d); Yeager v. State, 737 S.W.2d 948, 952 (Tex. App.--Fort Worth 1987, no pet.). 
Given the photograph and the physical description contained in Exhibit Two, the jury was
capable of making comparisons linking Appellant as the individual convicted of the offense
referenced in that exhibit. See Yeager, 737 S.W.2d at 951-52. The court did not abuse its
discretion in admitting Exhibit Two. Accordingly, Appellant’s sole issue is overruled.
           Having overruled Appellant’s sole issue on review, we affirm the judgment of the trial
court.
 
                                                                  RICHARD BARAJAS, Chief Justice
November 24, 2004

Before Panel No. 4
Barajas, C.J., Larsen, and McClure, JJ.

(Do Not Publish)