

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00169-CR

JERMAINE DAMON DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27761

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

A Lamar County jury found Jermaine Damon Davis guilty of unlawful possession of a firearm.[1] The trial court sentenced Davis to ten years' imprisonment, to be served concurrently with other sentences imposed at the same time.[2] This case was tried with two companion cases, which are the subjects of other appeals pending before this Court. In this appeal, Davis contends (1) that his constitutional and statutory rights were violated because he was absent when the jury was called, seated, and instructed by the trial court, (2) that the trial court erred by placing him in leg restraints during the trial, and (3) that the evidence was legally insufficient to support his conviction.

The argument raised in Davis's first issue is based exclusively on the argument brought before this Court in the companion appeal styled *Davis v. State*, cause number 06-19-00167-CR. In our opinion of this date disposing of that appeal, we found that this issue was without merit. For the reasons set out in that opinion, we overrule Davis's first issue as it applies to this appeal.

The argument raised in Davis's second issue is based exclusively on the argument brought before this Court in the companion appeal styled *Davis v. State*, cause number 06-19-00167-CR. In our opinion of this date disposing of that appeal, we found that, although the trial court erred, any error did not affect Davis's substantial rights. For the reasons set out in that opinion, we overrule Davis's second issue as it applies to this appeal.

---

[1]*See* TEX. PENAL CODE ANN. § 46.04(a)(1) (Supp.).

[2]In cases that had been consolidated for trial with this case, Davis was also convicted of murder and possession of marihuana. Those convictions have also been appealed to this Court and are addressed in opinions released on the same date as this opinion.

In his third issue, Davis contends that the evidence was legally insufficient to support his conviction for unlawful possession of a firearm. We agree, and we will reverse the trial court's judgment.

"In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt." *Williamson v. State*, 589 S.W.3d 292, 297 (Tex. App.—Texarkana 2019, pet. ref'd) (citing *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd)). "Our rigorous legal sufficiency review focuses on the quality of the evidence presented." *Id.* (citing *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring)). "We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury 'to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).

"Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge." *Id.* at 298 (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "The 'hypothetically correct' jury charge is 'one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id*. (quoting *Malik*, 953 S.W.2d at 240).

Under the applicable statute and the indictment, to obtain a conviction, the State was required to prove beyond a reasonable doubt that Davis, (1) having been previously convicted of a felony, (2) intentionally and knowingly (3) possessed a firearm (4) before the fifth anniversary of his release from supervision under parole. *See* TEX. PENAL CODE ANN. § 46.04(a)(1). Davis only challenges the sufficiency of the evidence showing that he possessed a firearm before the fifth anniversary of his release from supervision under parole.

Section 46.04(a)(1) provides:

(a)    A person who has been convicted of a felony commits an offense if he possesses a firearm:

    (1)    after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later.

TEX. PENAL CODE ANN. § 46.04(a)(1). In its indictment, the State only alleged that Davis had possessed a firearm before the fifth anniversary of his release from supervision under parole. Therefore, the State was required to prove the date of Davis's release from supervision under parole. *See Fagan v. State*, 362 S.W.3d 796, 799 (Tex. App.—Texarkana 2012, pet. ref'd).

The evidence at trial showed that a nine-millimeter handgun was seized on February 24, 2018, from Davis's bed during a search of the house Davis rented and occupied. At trial, the State established that Davis had been convicted of a second-degree felony offense of possession of a controlled substance and that he was sentenced to five years' imprisonment on September 5, 2008, (the 2008 Conviction). The judgment from the 2008 Conviction also showed that Davis was credited with time served from August 12, 2008, to September 4, 2008, making the maximum end

4

date of his sentence August 12, 2013. The State also introduced a document purportedly from the Texas Department of Criminal Justice (TDCJ) dated October 7, 2008, that referenced Davis and the 2008 Conviction. The document listed Davis's "Parole Eligibility Date" as March 10, 2009, his "Mandatory Release to Supervision" as December 2, 2010, and his "Discharge Date W/O Supervision" as August 12, 2013.

As Davis pointed out in his brief, the document from the TDCJ was a forward-looking document that showed anticipated dates; it did not show the actual date of his release from supervision under parole. In Texas, although a parolee must serve the entire period of parole,[3] he may be released from supervision at an earlier date. *See* TEX. GOV'T CODE ANN. §§ 508.155(a), 508.1555. Therefore, even if the TDCJ document arguably showed the maximum end date of Davis's parole,[4] it did not show the actual date of his release from supervision under parole. It was entirely possible that Davis could have been released from supervision under parole through early release, clemency, or pardon prior to February 23, 2013. *See Fagan*, 362 S.W.3d at 801.

Without testimony or other evidence establishing the date of Davis's release from supervision under parole, no reasonable jury could have found beyond a reasonable doubt that Davis possessed a firearm before the fifth anniversary of his release from supervision under parole.

---

[3]The State also points to the testimony of Billy Sheppard as supportive testimony. However, Sheppard testified after the State had rested its case and Davis moved for a directed verdict. Sheppard was asked, "Do you remember [Davis] not getting off parole until August of 2013?" Sheppard answered affirmatively, supporting the approximate date that Davis completed his parole. It does not provide any evidence of when Davis was released from supervision under parole.

[4]Under the statute, the relevant date is the date of "the person's release from supervision under . . . parole," not the date of release from parole. *See* TEXAS PENAL CODE ANN. § 46.04(a)(1).

5

Consequently, we find that the evidence was legally insufficient to support Davis's conviction for unlawful possession of a firearm, as alleged in the indictment. We sustain Davis's third issue.[5]

For the reasons stated, we reverse the trial court's judgment and render a judgment of acquittal for the offense of unlawful possession of a firearm.

                                        Josh R. Morriss III
                                        Chief Justice

Date Submitted:     April 3, 2020
Date Decided:       April 6, 2020

Do Not Publish

---

[5]We note that the Texas Court of Criminal Appeals and the Fort Worth Court of Appeals have held that the predecessor statute to Section 46.02 of the Texas Penal Code was a lesser-included offense of the predecessor statute to Section 46.04. *See Hazel v. State*, 534 S.W.2d 698 (Tex. Crim. App. 1976); *Yeager v. State*, 737 S.W.2d 948, 953 (Tex. App. 1987, no pet.). Even if we assume, without deciding, that the current Section 46.02 is a lesser-included offense of Section 46.04(a)(1), the evidence in this case would not support a conviction under Section 46.02. Section 46.02 forbids the unlawful carrying of weapons and provides:

    (a)     A person commits an offense if the person:

        (1)     intentionally, knowingly, or recklessly carries on or about his or her person a handgun; and

        (2)     is not:

            (A)     on the person's own premises or premises under the person's control; or

            (B)     inside of or directly en route to a motor vehicle or watercraft that is owned by the person or under the person's control.

TEX. PENAL CODE ANN. § 46.02(a). The evidence in this case showed that, at the time of the alleged offense, Davis was not carrying the handgun on his person and that he was on premises under his control. Therefore, the evidence would not support a conviction under Section 46.02.