

# NUMBER 13-22-00172-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSE LUIS ROBLES A/K/A
JOSE ROBLES,                                               Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

### On appeal from the 103rd District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Longoria

Appellant Jose Luis Robles a/k/a Jose Robles was found guilty by a jury for committing theft of property in an amount less than $2,500.00 with two previous convictions of theft, a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(D). The jury found the enhancement paragraphs true, increasing the applicable punishment

range to a third-degree felony, and sentenced Robles to seven years' imprisonment to be served in the Correctional Institutions Division of the Texas Department of Criminal Justice. *See id.* § 12.425(a). By three issues, Robles argues that (1) the evidence during the guilt-innocence phase was insufficient to link him to the two prior theft convictions, (2) the evidence during the punishment phase was insufficient to link him to the alleged prior convictions used to enhance the applicable range of punishment, and (3) the trial court violated his due process rights by not considering the full range of punishment and interfering with plea negotiations. We affirm.

## I.    BACKGROUND

The indictment alleged that Robles committed theft of property valued at less than $2,500.00 and that he had been previously convicted of two prior theft offenses. *See id.* § 31.03(a), (e)(4)(D). The indictment alleged that the two prior theft convictions were (1) an August 22, 2013 conviction in the County Court at Law No. 3 of Cameron County, Texas, in cause number "13-CCR-3776," and (2) a March 17, 2017 conviction in the 103rd District Court of Cameron County, Texas, in cause number "16-DCR-2524."

On March 14, 2022, the State filed its notice seeking to enhance Robles's punishment range from a state jail felony to a third-degree felony. The State's notice alleged that Robles has previously been convicted of two state jail felony offenses. *See id.* § 12.425(a). The two prior state jail convictions alleged in the State's notice were (1) an April 2, 2015 conviction for fraudulent use or possession of identifying information in cause number "2015-DCR-405," and (2) a June 28, 2018 conviction for possession of a controlled substance in an amount less than one gram in cause number "2018-DCR-324."

2

## A.   Guilt-Innocence Phase

During the guilt-innocence phase of Robles's trial, the State presented evidence demonstrating that on August 19, 2019, Robles left a Wal-Mart store in Brownsville, Texas without paying for several items valued at $184.54—including clothing, a cap, a backpack, and shoes. However, once Robles exited the store, he was immediately detained by a Wal-Mart loss prevention officer and subsequently arrested by an officer of the Brownsville Police Department. Surveillance camera footage depicting Robles's theft was also admitted.

To prove the two prior theft convictions, the State offered three exhibits which were admitted into evidence. Major Frank Mason of the Cameron County Sheriff's Department was the State's sponsoring witness. Mason testified he oversees the booking department at the Cameron County Detention Center, which is in charge of "all records of all the individuals that come in and leave on a daily basis, and everything that happens during their stay there." The first exhibit consisted of two Cameron County Sheriff's Department booking reports, which Mason testified pertained to Robles. Both booking reports, created in connection to causes "13-CCR-3776-C" and "16-DCR-2524-D," regarded Robles's arrests for and convictions for theft. Both reports included a front-view photograph of Robles and listed his height, weight, age, ethnicity, gender, hair color, eye color, build, complexion, and tattoos. Mason made an in-court identification of Robles and testified that he was able to identify Robles based on the photo and booking reports.

The second exhibit was a certified copy of Robles's August 22, 2013 judgment of conviction for theft in cause number "13-CCR-3776-C." The third exhibit was a certified copy of Robles's March 27, 2017 judgment of conviction for theft in cause number "2016-

3

DCR-2524-D."

The jury found Robles guilty of the charged offense.

**B.      Punishment Phase**

During the punishment phase, the State offered three exhibits to prove Robles had two prior state jail felony convictions. The first exhibit consisted of two booking reports from the Cameron County Sheriff's Department. The first report detailed Robles's arrest and conviction for fraudulent use or possession of identifying information in cause number "2015-DCR-405-D" and the second report accounted for Robles's arrest and conviction for possession of a controlled substance in cause number "18-DCR-324-D." Both reports included a front-view photograph of Robles and listed his height, weight, age, ethnicity, gender, hair color, eye color, build, complexion, and tattoos. Mason again made an in-court identification of Robles and testified that these particular booking reports pertained to him.

The second exhibit was a certified copy of Robles's April 2, 2015 judgment of conviction in cause number "2015-DCR-405," and the third exhibit was a certified copy of Robles's June 28, 2018 judgment of conviction for possession of a controlled substance in an amount less than one gram, a state jail felony, in cause number "2018-DCR-2524."

Mason testified that the booking reports were documents generated from his work computer. When asked how he was able to identify Robles as the same person associated with the booking reports, Mason stated, "It's through the pictures that[ i]s on all of our booking reports, sir. Every time we generate [a booking report], it comes out with a picture of the individual in custody." When asked if the judgments had "any identification," Mason stated, "As far as pictures, no; they do have the names and case

4

numbers." When asked how he was able to identify the booking reports and judgments as being associated with Robles, Mason stated, "Again, only by name and cases."

The State rested after it offered extraneous offense evidence, consisting of additional booking reports and certified judgments of conviction, which were admitted into evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07; TEX. R. EVID. 404(b). Robles rested after offering testimony from three witnesses. After both parties provided closing arguments, the jury found the enhancement paragraphs true and sentenced Robles to seven years' imprisonment. *See* TEX. PENAL CODE ANN. § 12.425(a).

This appeal followed.

## II.    SUFFICIENCY OF THE EVIDENCE

### A.    Standard of Review & Applicable Law

"[W]hen reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a jury was rationally justified in finding guilt beyond a reasonable doubt." *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013) (cleaned up); *see also Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). "We may not re-weigh the evidence or substitute our judgment for that of the factfinder." *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018) (citing *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)). We measure the evidence by the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of

5

liability, and adequately describes the particular offense for which the defendant was tried." *Zuniga*, 551 S.W.3d at 733 (quoting *Malik*, 953 S.W.2d at 240).

A person commits theft if he unlawfully appropriates property with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a). The offense is a state jail felony if the value of the property stolen is less than $2500.00 and the defendant has been previously convicted two or more times of theft. *Id.* § 31.03(e)(4)(D). When a misdemeanor theft is elevated to state jail felony theft, the State must prove both the underlying theft and at least two prior theft convictions. *See Barnes v. State*, 103 S.W.3d 494, 497 (Tex. App.—San Antonio 2003, no pet.) (citing *Gant v. State*, 606 S.W.2d 867, 871 (Tex. Crim. App. [Panel Op.] 1980)); *see also Floyd v. State*, No. 05-17-01325-CR, 2018 WL 5784487, *1 (Tex. App.—Dallas Nov. 5, 2018, pet. ref'd) (mem. op., not designated for publication). The prior theft convictions become jurisdictional elements of the theft charge. *See Barnes*, 103 S.W.3d at 497; *Floyd*, 2018 WL 5784487 at *1.

Except under certain conditions not applicable to this case, a state jail felony "shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days." TEX. PENAL CODE ANN. § 12.35(a). A state jail felony is subject to enhancement under § 12.425(a), which provides as follows:

> If it is shown on the trial of a state jail felony punishable under [§] 12.35(a) that the defendant has previously been finally convicted of two state jail felonies punishable under [§] 12.35(a), on conviction the defendant shall be punished for a felony of the third degree.

*Id.* § 12.425(a). A third-degree felony "shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years." *Id.* § 12.34(a).

6

"To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) the prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). "No specific document or type of proof is required to prove these two elements." *Id.* Rather, "the State may prove both of these elements in a number of different ways." *Id.* For example, the State can meet its burden by introducing multiple documents that, when read together, contain "sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted." *Id.* at 921–22. Moreover, use of a penitentiary packet, which includes a defendant's complete and detailed physical description, as well as photographs, is permitted in proving a defendant's identity and prior convictions. *See Yeager v. State*, 737 S.W.2d 948, 952 (Tex. App.—Fort Worth 1987, no pet.); *Carr v. State*, 715 S.W.2d 419, 421 (Tex. App.— San Antonio 1986, no pet.); *see also Posada v. State*, No. 06-16-00184-CR, 2017 WL 3205580, *3 (Tex. App.—Texarkana May 19, 2017, pet. ref'd) (mem. op., not designated for publication).

## B.    Discussion

### 1.    Prior Theft Convictions

In his first issue, Robles argues the evidence is insufficient to link him to the two prior theft convictions alleged in the indictment.[1]

Here, the jury had before it a booking report created in connection with Robles's

---

[1] Robles does not challenge the sufficiency of the evidence supporting the underlying theft offense involved in this case, and we do not address that issue as it is not properly before us. *See Barnes*, 103 S.W.3d at 497.

arrest and conviction for theft in in cause number "13-CCR-3776-C" that indicated Robles was sentenced to 180 days confinement. The jury also had before it a second booking report created in connection to Robles's arrest and conviction for theft in cause number "16-DCR-2524-D" that indicated Robles was sentenced to twelve months confinement. Both reports included a front-view photograph of Robles and listed his date of birth and age. In addition, both reports indicated that Robles is five feet, six inches tall, weighs one hundred and forty pounds, is of medium build, has brown eyes, black hair, medium complexion, and tattoos. The jury could have compared the photographs and description of Robles in the booking reports to the person in the courtroom to determine that the defendant on trial was the same person. *See Yeager*, 737 S.W.2d at 952; *Carr*, 715 S.W.2d at 421; *see also Posada*, 2017 WL 3205580 at *3. In addition, Mason testified that these booking reports pertained to Robles, made an in-court identification of Robles, and explained he was able to identify Robles based on the booking report and photo.

The certified copy of the August 22, 2013 judgment of conviction for theft in the County Court at Law No. 3 of Cameron County in cause number "13-CCR-3776-C" identifies Robles as the defendant and indicates he was sentenced to 180 days confinement, as does the booking report created in connection to Robles's arrest and conviction in the same cause number. The certified copy of the March 27, 2017 judgment of conviction for theft from the 103rd District Court of Cameron County in cause number "2016-DCR-2524-D" identifies Robles as the defendant and indicates he was sentenced to twelve months, as does the booking report created in connection to Robles's arrest and conviction for theft in cause number "16-DCR-2524-D." While the written cause number differs slightly between the booking report and the judgment, the jury could have

8

determined these documents referred to the same case given the matching defendant name and sentence. *See Flowers*, 220 S.W.3d at 921–22.

We conclude that a reasonable trier of fact could view the exhibits offered at trial, and based on the information therein, find beyond a reasonable doubt that both prior theft convictions existed and were linked to Robles. *See id.* at 921; *Temple*, 390 S.W.3d at 360. We overrule Robles's first issue.[2]

## 2. Prior State Jail Felony Convictions for Enhancement Under § 12.425(a)

In his second issue, Robles likewise argues the evidence was insufficient to link him to the alleged prior convictions used to enhance the applicable range of punishment from that of a state jail felony to that of a third-degree felony. *See* TEX. PENAL CODE ANN. § 12.425(a).

The jury had before it a booking report created in connection with Robles's arrest and conviction for fraudulent use or possession of identifying material in cause number "2015-DCR-405-D" that indicated Robles was sentenced to one year confinement and included a front-view photograph of Robles. The jury also had before it a copy of a second booking report created in connection to Robles's arrest and conviction for possession of

---

[2] In a sub-issue to his first issue, Robles argues that the booking reports and Mason's testimony were improperly admitted over objection. However, in his brief, Robles does not present any argument or cite pertinent legal authority related to this issue. *See* TEX. R. APP. P. 38.1(i) ("[A] brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Therefore, Robles has waived this issue through inadequate briefing. *See id.*; *Wolfe v. State*, 509 S.W.3d 325, 342–43 (Tex. Crim. App. 2017) (noting that we have no obligation to make an appellant's argument for him); *Lucio v. State*, 353 S.W.3d 873, 877–78 (Tex. Crim. App. 2011) (finding a point of error inadequately briefed where the brief contains a single-sentence assertion and is unaccompanied by any other argument or authorities).

In another sub-issue, Robles argues the "lack of clear evidence to link [Robles] to the prior convictions negates the jurisdictional elements as laid out in the indictment[,]" and therefore, "the indictment is insufficient to give the State District Court jurisdiction over the case." We overrule this sub-issue because we have found sufficient evidence to link Robles to the two prior theft convictions.

9

a controlled substance in cause number "18-DCR-324-D" that indicated Robles was sentenced to one year confinement and included a front-view photograph of Robles. Both reports listed Robles's date of birth and age. Both reports also indicated that Robles is five feet, six inches tall, weighs one hundred and forty pounds, is of medium build, and has brown eyes, black hair, medium complexion, and tattoos. The jury could have compared the photographs and description of Robles in the booking reports to the person in the courtroom to determine that the defendant on trial was the same person. *See Yeager v. State*, 737 S.W.2d at 952; *Carr*, 715 S.W.2d at 421; *see also Posada*, 2017 WL 3205580 at *3. Furthermore, Mason testified that the booking reports were in reference to Robles. Mason also made an in-court identification of Robles, and explained he was able to identify Robles based on the photo in the booking reports.

The certified copy of the April 2, 2015 judgment of conviction for fraudulent use or possession of identifying information, a state jail felony, in cause number "2015-DCR-405" identified Robles as the defendant and indicated he was sentenced to twelve months confinement. The booking report created in connection to Robles's arrest and conviction in the same cause number also identified Robles and indicated he was sentenced to one year confinement, matching the twelve month confinement as expressed in the judgment. The jury could have determined these documents identified and connected to Robles given the matching cause number, defendant name, and sentence. *See Flowers*, 220 S.W.3d at 921–22.

The certified copy of the June 28, 2018 judgment of conviction for possession of a controlled substance, a state jail felony, in cause number "2018-DCR-324" identified Robles as the defendant and indicated he was sentenced to twelve months. The booking

report in cause number "18-DCR-324-D" also identified Robles and indicated he was sentenced to one year—an equivalent reference to twelve months as written in the judgment. While the written cause number differs slightly between the booking report and the judgment, the jury could have determined these documents referred to the same case given the matching defendant name and sentence. *See id.*

We conclude that a reasonable trier of fact could view the exhibits offered at trial, and based on the information therein, find beyond a reasonable doubt that both prior state jail felony convictions existed and were linked to Robles. *See id.* at 921; *Temple*, 390 S.W.3d at 360; *see also* TEX. PENAL CODE ANN. § 12.425(a). We overrule Robles's second issue.[3]

### III.    DUE PROCESS

In his third issue, which we construe as encompassing two distinct sub-issues, Robles argues that the trial court violated his due process rights by interfering with plea negotiations and failing to consider the full range of punishment.

The jury was selected on March 21, 2022, and trial commenced on March 23, 2022. On March 23, 2022, prior to the jury being sworn and outside their presence, Robles discussed with the trial court his intention to object to the booking reports the State intended to offer into evidence. The following exchange occurred:

[The Court]:      Okay. That's fine. You can make your objection and then—

---

[3] In a single sentence in his brief regarding his second issue, Robles points out that he objected to admission of the booking reports during the punishment phase of this trial. However, Robles raises no argument challenging the admission of the booking reports as erroneous on appeal, and therefore he has waived that issue through inadequate briefing. *See* TEX. R. APP. P. 38.1(i); *Wolfe*, 509 S.W.3d at 342–43; *Lucio*, 353 S.W.3d at 877–78.

11

. . . .

[The Court]: Or you could just stipulate to it.

[Robles]: Oh, I can't, but I didn't want to tell the Court—but you'll see what the trial is all about. This is a misdemeanor theft charge, shoplifting at Walmart.

[The Court]: That is now a felony because he's got two or more priors.

[Robles]: And it is now a third degree if they can prove up the enhancements. So they were—we negotiated, we talked. They want five years TDC. I told him we'd take two years, so we're—that's how far apart we are. It's just clothes and—

[The Court]: Has he been to prison before?

[The State]: Yes, ma'am.

[The Court]: For a theft, also?

[The State]: No.

[The Bailiff]: Burglary of a habitation, possession of marijuana, assault[]—

[The Court]: Burglary of a habitation?

[The Bailiff]: —assault on a public servant.

[The Court]: He's been to prison how many times?

[The Bailiff]: '03, '10, '13, '15, '17, and '18.

[Robles]: 2010 was the worst one. I think it was four years.

[The Court]: I don't go under anyway[. . .] I would require [Robles] to do four or—

[Robles]: I wanted to explore that, Judge. I have to do what's—

[The Court]: Yeah. I would require—if he did four last time, I would require a minimum of four.

12

| [Robles]: | Okay. All right, Judge. That's what I— |
|---|---|
| [The Court]: | Only because he's not learning. |

Robles argues this exchange demonstrates that the trial court "interloped into the plea negotiations." Robles claims that he was advised that the trial court "would 'require' him to do no less than four years" and that it "made it clear on the record that it's [the trial court's] customary practice to not consider the full range of punishment if a defendant has been to prison before." According to Robles, "[t]his was improper . . . and violated his due process rights."

Plea bargains are an integral part of the criminal justice system. *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009) (citing *Gutierrez v. State*, 108 S.W.3d 304, 306 (Tex. Crim. App. 2003)). Because a plea-bargain agreement is solely between the State and the defendant, only those parties may alter the terms of the agreement; the trial court commits error if it unilaterally adds unnegotiated terms to a plea-bargain agreement. *Id.* at 332 (explaining that the "only proper role of the trial court in the plea-bargain process is advising the defendant whether it will 'follow or reject' the bargain between the state and the defendant"); *see also State ex rel. Bryan v. McDonald*, 662 S.W.3d 5, 9 (Tex. Crim. App. 1983) ("Judicial involvement in plea negotiations runs afoul of due process and fundamental fairness in several ways."). A trial judge's participation in plea discussions prior to an agreement being reached is disfavored because the power and position of the judge may improperly influence the defendant to enter a guilty plea. *Wright v. State*, 776 S.W.2d 763, 767 (Tex. App.—Corpus Christi–Edinburg 1989, pet. ref'd); *see Perkins v. Ct. of Appeals for Third Supreme Jud. Dist. of Tex., at Austin*, 738 S.W.2d 276,

282 (Tex. Crim. App. 1987); *Lynch v. State*, 318 S.W.3d 902, 903 (Tex. App.—San Antonio 2010, pet. ref'd).

Robles raises for the first time on appeal his contention that the trial court improperly intruded into the plea-bargaining process. To preserve error for appellate review, the complaining party must present a timely and specific objection to the trial court and obtain a ruling. TEX. R. APP. P. 33.1(a). "All but the most fundamental rights are thought to be forfeited if not insisted upon by the party to whom they belong." *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). The alleged error here is not systemic and may not be brought for the first time on appeal. *See Moore*, 295 S.W.3d at 333 (holding error arising from the trial court's improper intrusion into the plea-bargaining process "is not systemic and may not be brought for the first time on appeal"); *see also Hallmark v. State*, 541 S.W.3d 167, 171 (Tex. Crim. App. 2017) (holding that appellant forfeited any complaint about the trial judge's participation in plea negotiations by failing to object). Thus, by failing to object, Robles has failed to preserve this sub-issue for our review. *See* TEX. R. APP. P. 33.1(a).

Robles also argues that his due process rights were violated because the trial court refused to consider the full range of punishment. Due process at a sentencing hearing requires a neutral and detached hearing body or officer who does not arbitrarily refuse to consider the entire range of punishment or willfully impose a predetermined sentence. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973); *Grado*, 445 S.W.3d at 739–40; *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). Concerning the due-process requirement that a trial court imposing sentence must be neutral, absent a clear showing of bias, we must presume the trial court's actions were correct. *Brumit*, 206 S.W.3d at

14

645. In this case, the trial court communicated to Robles that it would not accept a plea bargain imposing a sentence lower than four years.[4] The trial court's statements do not indicate a refusal to consider the full range of punishment in the event Robles was found guilty *and assessed punishment by the trial court*. Furthermore, Robles's sentence was imposed by the jury, not the trial court. The trial court's comments were made outside the presence of the jury, and therefore had no effect on the jury's sentence. Accordingly, we conclude the trial court's comments did not constitute a denial of due process. *See Gagnon*, 411 U.S. at 786; *Grado*, 445 S.W.3d at 739–40; *Brumit*, 206 S.W.3d at 645. We overrule this sub-issue and the entirety of Robles's third issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
11th day of May, 2023.

---

[4] By long-standing authority, the trial court is "free in every or any case to refuse to allow plea bargaining or to reject a particular plea bargain entered into by the State and defense." *State ex rel. Bryan v. McDonald*, 662 S.W.2d 5, 9 (Tex. Crim. App. 1983); *see Morano v. State*, 572 S.W.2d 550 (Tex. Crim. App. 1978); *Davis v. State*, 130 S.W.3d 519, 522 (Tex. App.—Dallas 2004, no pet.); *Holland v. State*, 112 S.W.3d 251, 254 (Tex. App.—Austin 2003, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.13.