

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00312-CR
No. 02-24-00313-CR
No. 02-24-00314-CR

_____

MICHAEL RAY KEE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 90th District Court
Young County, Texas
Trial Court Nos. CR12091, CR12092, CR12093

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Michael Ray Kee appeals his convictions for two charges of obstruction or retaliation. *See* Tex. Penal Code Ann. § 36.06. The indictments contained a habitual-offender paragraph alleging that Kee had previously been convicted of burglary of a habitation. To prove that prior conviction at the punishment hearing, the State presented (1) a pen packet reflecting the burglary conviction and (2) the testimony of a law-enforcement officer who knew Kee and identified him as the subject of the pen packet. The jury assessed Kee's punishment at 15 years' confinement for each charge, and the trial court sentenced him accordingly. *See id.* §§ 12.33 (providing punishment range for second-degree felony), 12.42 (enhancing punishment of third-degree felony to that of second-degree felony upon proof that defendant has previously been finally convicted of a felony).

In a single issue, Kee contends that there was insufficient evidence for the jury to find beyond a reasonable doubt that he had been convicted of a prior felony because the State did not sufficiently link him to the pen packet. Because sufficient evidence links Kee to the pen packet, we will affirm.

### Background

Early in the morning on July 1, 2022, Young County Sheriff's Deputy Alexander Maiden saw Kee driving a side-by-side vehicle[1] on Highway 380. The

---

[1]*See Barnes v. Freedom Powersports, LLC*, No. 05-22-00677-CV, 2024 WL 412561, at *1 (Tex. App.—Dallas Feb. 5, 2024, pet. denied) (mem. op.) (describing a side-by-

2

vehicle was illuminated with only hazard lights. Deputy Maiden stopped Kee after witnessing a truck "hit its brakes and move into an oncoming traffic lane in order to avoid hitting the side-by-side."

When Deputy Maiden approached Kee, he saw that Kee was holding a beer that he "was actively drinking." When Deputy Maiden asked Kee where he was going, Kee said that he was "heading to Newcastle to kill a child molester." Kee's speech was slurred, and believing Kee to be intoxicated, Deputy Maiden arrested him for driving while intoxicated, obtained a blood-draw warrant, and took him to a hospital for a blood draw. Laboratory testing revealed that Kee had a blood–alcohol level of 0.279.

On the way to the hospital, Kee kicked Deputy Maiden's windshield and threatened to kill him. At the hospital, Kee made threatening statements to another officer. In addition to the threats, Kee spat on the officer and attempted to bite him. Kee was charged with DWI and with obstruction or retaliation as to both officers, and the jury convicted Kee on all three charges.[2]

In the punishment phase of trial, to prove Kee's prior burglary conviction, the State offered State's Exhibit 4, a pen packet consisting of records from the Texas Department of Criminal Justice. The Department's records coordinator attached the

side vehicle as a multi-passenger utility vehicle); *see also* Tex. Transp. Code Ann. § 551A.001(6) (defining "utility vehicle").

[2]Although Kee has appealed from the judgment in the DWI case, his brief does not challenge the DWI conviction or sentence. We therefore affirm the judgment in his DWI case.

records to her business-records affidavit. This pen packet included "Michael Ray Kee" front- and side-view photographs, labeled with a state identification number (SID); a copy of a file-stamped 1991 Young County judgment reflecting that Kee had been convicted of burglary of a habitation; and Kee's fingerprints on a fingerprint card that also provided his date of birth and a physical description of him.

The State offered Exhibit 4 during the testimony of Graham Police Sergeant Bobby Joe Cook. Sergeant Cook described two encounters he had with Kee in October 2022—first when he attempted to serve Kee with a criminal-trespass warning and later that same day when he responded to a disturbance call at the hotel where Kee was staying. Sergeant Cook identified Kee in open court and stated that he has had "numerous" encounters with Kee over the previous twenty years.

When the State asked Sergeant Cook about Exhibit 4, Kee objected that the exhibit was "not a certified copy of a judgment" and was instead "just an administrative document from the prison system." The trial court overruled the objection on the basis that "this is self-authenticating and therefore is admissible." Cook then testified about the pen packet's contents, and he specifically testified that the photographs in the pen packet were photographs of Kee. Sergeant Cook also testified that the pen packet contained an SID and that "knowing and dealing with this subject, that SID number does match Michael Ray Kee." Sergeant Cook further stated that the date of birth listed in the pen packet "lines up with all the information identifiers of the defendant, Michael Kee."

4

As additional punishment evidence, the State next called Graham Police Officer Joshua Hufstedler to testify. Officer Hufstedler testified about the same October 2022 hotel disturbance incident that Sergeant Cook had described for the jury. The State then introduced State's Exhibits 6, 7, 8, and 9, which were additional pen packets concerning "Michael Ray Kee." Three of the pen packets included an SID for Kee, and the SID matched the one in Exhibit 4. Two of the pen packets contained photographs of Kee. The trial court admitted each exhibit.

## Discussion

### I. Applicable Law

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant was the person previously convicted. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). "No specific document or mode of proof is required to prove these two elements." *Id.* The proof offered to establish the two elements may "closely resemble[ ] a jigsaw puzzle," in that the pieces "standing alone . . . have little meaning," but when fitted together, they "form the picture of the person who committed that alleged prior conviction." *Id.* at 923 (quoting *Human v. State*, 749 S.W.2d 832, 835–36 (Tex. Crim. App. 1988) (op. on reh'g)). If, considering the totality of the evidence, the factfinder can find the two elements beyond a reasonable doubt, then "the various pieces used to complete the puzzle are necessarily legally sufficient to prove a prior conviction." *Id.*

5

Whether the State meets its burden of linking the prior conviction to the defendant is a matter of conditional relevancy; that is, evidence of a prior conviction is not relevant unless sufficient evidence shows that the defendant is the person who was previously convicted. *Davis v. State*, 268 S.W.3d 683, 715 (Tex. App.—Fort Worth 2008, pet. ref'd). Thus, if after all proof on the question has been received, and "the evidence does not, in the aggregate, support a rational finding that the defendant is the same person as the one previously convicted, then the fact-finder should not be allowed to consider the evidence of the conviction," and "a motion to strike should be granted to withdraw the evidence from consideration." *Id.* at 716.

## II. Analysis

Kee argues that although Sergeant Cook testified that he was familiar with Kee's SID, Sergeant Cook "offered no supporting documentation for that assertion," and the State offered no fingerprint evidence to show that Kee's fingerprints matched the fingerprints contained in Exhibit 4.

The name of the defendant in Exhibit 4 matched Kee's name. Sergeant Cook had previous experience with Kee, and he testified that the photos in Exhibit 4 were photos of Kee. Additionally, the fingerprint card in the pen packet listed Kee's height, eye color, hair color, and skin tone. The jury could examine the photos and description in the pen packet and compare them to Kee. This evidence was sufficient to link Kee to the conviction reflected in Exhibit 4. *See Yeager v. State*, 737 S.W.2d 948, 951–52 (Tex. App.—Fort Worth 1987, no pet.); *see also Billington v. State*, No. 08-12-

00144-CR, 2014 WL 669555, at \*4 (Tex. App.—El Paso Feb. 19, 2014, no pet.) (not designated for publication); *Meek v. State*, No. 03-05-00269-CR, 2006 WL 2080644, at \*3 (Tex. App.—Austin July 28, 2006, no pet.) (mem. op., not designated for publication); *Levario Diaz v. State*, No. 08-02-00389-CR, 2004 WL 2726089, at \*2 (Tex. App.—El Paso Nov. 24, 2004, pet. ref'd) (mem. op., not designated for publication); *Lamkin v. State*, No. 2-03-265-CR, 2004 WL 1909292, at \*2 (Tex. App.—Fort Worth Aug. 26, 2004, pet. ref'd) (mem. op., not designated for publication).

Additionally, Sergeant Cook testified that the SID of the convicted person reflected in Exhibit 4 matched Kee's SID, which he knew from his previous dealings with Kee. Sergeant Cook did not need to offer supporting documentation to testify about his personal knowledge, and the jury could weigh his credibility. *See* Tex. R. Evid. 602 (providing that a witness may testify to matters within the witness's personal knowledge and that the witness's own testimony can show personal knowledge). Moreover, the State produced two other pen packets containing photos and descriptions of the person whose conviction was reflected in those pen packets, and the jury could compare those photos to Kee to determine whether he was the person who had been convicted in those two cases. Having made that determination, the jury could then note that the date of birth, SID, and Kee's signature in those two pen packets matched the date of birth, SID, and signature in Exhibit 4.

In other words, the jury could determine that Kee was the person whose burglary conviction was reflected in Exhibit 4 by comparing the photos of the

7

convicted person in Exhibit 4 to the person on trial. Additionally, the jury could determine that Kee was the person whose conviction was reflected in one of the other pen packets that contained photos and then match the SID in that pen packet to the SID in Exhibit 4. Moreover, the jury could credit Sergeant Cook's testimony that he knew Kee from numerous encounters and that it was Kee's photos and SID in Exhibit 4. Considering the totality of the evidence, sufficient evidence linked Kee to Exhibit 4.

Kee argues in one sentence that "[u]nder the bare facts in this case, unlike those described in *Hanks* [*v. State*, No. 09-23-00132-CR, 2024 WL 4142839, at *16 (Tex. App.—Beaumont Sept. 11, 2024, pet. ref'd) (mem. op., not designated for publication)], we have no fair assurance that the trial court did not abuse its discretion in admitting the offending pen packet." In *Hanks*, as in this case, the appellate court addressed whether pen packets were sufficiently linked to the defendant. *See id.* at 17–18. We read this sentence in Kee's brief to relate to his contention that Exhibit 4 was insufficiently linked to him and to assert that the jury should not have been allowed to consider it. *See Davis*, 268 S.W.3d at 715. We have held that Exhibit 4 was sufficiently linked to him. To the extent that this sentence is an attempt to argue that Exhibit 4 was inadmissible on some other basis, we cannot determine what his argument is, and we overrule it as inadequately briefed. *See* Tex. R. App. P. 38.1(i); *Simpson v. State*, No. 02-23-00266-CR, 2024 WL 3977222, at *10 (Tex. App.—Fort Worth Aug. 29,

8

2024, no pet.) (mem. op., not designated for publication). We overrule Kee's sole issue.

## Conclusion

Having overruled Kee's sole issue, we affirm the trial court's judgments.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 24, 2025